1    **WO**

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9

10   Robert Carrasco Gamez, Jr.,              )    No. CV 12-0760-PHX-RCB (MEA)
                                              )
11             Plaintiff,                     )           **ORDER**
                                              )
12   vs.                                      )
                                              )
13   Charles L. Ryan, et al.,                 )
                                              )
14             Defendants.                    )
     ─────────────────────────────────────── )

15

16        Plaintiff Robert Carrasco Gamez, Jr., who is confined in the Arizona State Prison

17   Complex, Browning Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint

18   pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  The Court

19   will order Defendants Norris and Valentine to answer Count I of the Complaint and will

20   dismiss the remaining claims and Defendants without prejudice.

21   **I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

22        Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

23   § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

24   The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory

25   fee will be collected monthly in payments of 20% of the previous month's income each time

26   the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

27   separate Order requiring the appropriate government agency to collect and forward the fees

**TERMPSREF** 28

1    according to the statutory formula.

2    **II.    Statutory Screening of Prisoner Complaints**

3         The Court is required to screen complaints brought by prisoners seeking relief against

4    a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7    be granted, or that seek monetary relief from a defendant who is immune from such relief.

8    28 U.S.C. § 1915A(b)(1), (2).

9         A pleading must contain a "short and plain statement of the claim *showing* that the

10   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

11   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

12   unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

13   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

14   statements, do not suffice."  Id.

15        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

16   claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

17   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

18   that allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

20   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

21   experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

22   allegations may be consistent with a constitutional claim, a court must assess whether there

23   are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

24        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

25   must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

26   Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

27   than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

TERMPSREF  28                                          - 2 -

1  94 (2007) (*per curiam*)).

2  **III.   Complaint**

3      Plaintiff alleges three counts for excessive force.  He sues the following current or

4  former employees of the Arizona Department of Corrections (ADC):  Director Charles L.

5  Ryan, Warden Hetmer, Deputy Warden Greg Fizer, Sergeant Moore, Corrections Officer

6  (CO) III Pittario, and CO IIs Norris and Valentine.    Plaintiff seeks declaratory,

7  compensatory, punitive, and injunctive relief.

8      Plaintiff alleges the following facts:  on May 7, 2011, Defendant Valentine was the

9  assigned floor officer in Plaintiff's cell block and was responsible for distributing mail and

10  escorting inmates to the showers.  Valentine escorted Plaintiff to the bottom floor shower,

11  when Plaintiff asked if he could return to his cell for Ibuprofen.  Valentine told him he could

12  get Ibuprofen when he went back to his cell.  After showering, Plaintiff again asked if he

13  could go upstairs to get Ibuprofen.  Valentine said "'Yes, make it quick.'" (Doc. 1 at 3B.)

14  On the way to his cell to get Ibuprofen, Plaintiff spoke to another inmate.  Norris, who was

15  collecting dinner trays, grabbed Plaintiff behind his shoulder, locked his arm between

16  Plaintiff's hands, and spun Plaintiff around and attempted to slam him to the floor.  Plaintiff

17  maintained his balance, when Valentine ran from behind Plaintiff and slammed him face

18  down onto the floor.  According to Plaintiff, he cried out in pain, but Valentine slammed his

19  face into the floor causing bumps and bruises.  Norris sat on Plaintiff's back and told him to

20  shut-up.  Norris twisted Plaintiff's fingers and hands while trying to push handcuffs over

21  "his" head. (Id.) Valentine twisted Plaintiff's ankle and stepped and bounced on Plaintiff's

22  legs while he was on the ground.  At the same time, Norris "punched, jumped on, kicked,

23  kneed and twisted Plaintiff's hands" until Defendant Moore removed Norris from him.  As

24  Plaintiff was being transferred to medical, Norris told him, "Now you know who's in charge,

25  Good Luck." (Id. at 3C.)  Later, Plaintiff heard Valentine "bragging" to other officers about

26  running up behind Plaintiff and pushing his face into the pavement.  Plaintiff denies that he

27  resisted or threatened Valentine or Norris. Plaintiff alleges that he sustained multiple injuries

28  including pain, swelling, bruising, contusions, and breathing difficulty, as well as post-

1  traumatic shock syndrome.

2      As discussed below, the Court concludes that Plaintiff sufficiently states a claim for

3  excessive force against Norris and Valentine.[1]  The balance of Plaintiff's allegations concern

4  the other Defendants and are addressed in the next section.

5  **IV.   Failure to State a Claim**

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts supporting that

7  (1) the conduct about which he complains was committed by a person acting under the color

8  of state law and (2) the conduct deprived him of a federal constitutional or statutory right.

9  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid

10  constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the

11  conduct of a particular defendant and he must allege an affirmative link between the injury

12  and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

13      **A.   Count II**

14      Plaintiff designates Count II as a claim for excessive force.  However, he also appears

15  to be attempting to allege violation of other inmates' rights to due process.  In addition, he

16  asserts that several Defendants are liable for failure to comply with prison regulations or

17  policies, for denying grievance or grievance appeals, and/or a failure to train.[2]  These are

18  addressed below.

19      **1.   Third-Party Allegations**

20  _____

21      [1]  In Count I, Plaintiff also asserts that Valentine opened Plaintiff's "legal mail,"
22  specifically a letter from the U.S. Department of Justice, outside his presence.  However,
   only mail from an inmate's attorney constitutes "legal mail," thus, for example, mail from
23  the court is not "legal mail."  See Keenan v. Hall, 83 F.3d 1083, 1084 (9th Cir. 1996); Martin
   v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987).  Accordingly, Plaintiff fails to state a
24  constitutional claim concerning legal mail in Count I.

25      [2]  Plaintiff also alleges in part that, in June 2009, an unidentified investigator
26  threatened him with  repercussions if he was determined to have lied in connection with an
   internal investigation of the use of force against him.  Such allegations, absent more, are
27  insufficient to state a constitutional claim.  Verbal threats or abuse alone do not rise to the
28  level of a constitutional violation.  Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997);
   Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)).

TERMPSREF

Plaintiff alleges that his due process rights were violated "because prisoners are often provided a negligible amount of due process during a prison disciplinary process hearing." A "'plaintiff generally must assert his own legal rights and interests, and cannot [assert] the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).  Plaintiff fails to allege facts to support that *his* due process rights were violated.  Accordingly, this portion of Count II will be dismissed.

### 2.    Denial of Grievances & Grievance Appeals

Plaintiff in part appears to assert that Defendants Ryan, Hetmer, Fizer, Moore, and Pittario are liable for denying his grievances and grievance appeals concerning the May 7, 2011 incident.  To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.  In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

To the extent that Plaintiff seeks relief based on the denial of his grievances or grievance appeals by the above Defendants, he fails to state a claim.  Similarly, the failure to comply with prison regulations or policies, absent more, does not rise to the level of a constitutional violation.  Accordingly, Plaintiff's allegations concerning the denial of grievances and grievance appeals or non-compliance with prison regulations or policies will be dismissed.

### 3.    Failure to Train

Plaintiff alleges that Defendants Ryan, Hetmer, Fizer, Moore, and Pittario are liable for a failure to train ADC staff in the use of force.  To state a claim for failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference.  Edgerly v. City and County of San Francisco, 599 F.3d 946, 962 (9th Cir. 2010) (citing Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (to establish supervisory liability for failure to train, a plaintiff must show that the failure "amounted to deliberate indifference")).  A plaintiff must allege facts to support that not only was particular training inadequate, but also that such inadequacy was the result of "'deliberate' or 'conscious' choice" on the part of the defendant.  Cannell, 143 F.3d at 1213; see Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need.").

Plaintiff alleges that Defendants Ryan, Hetmer, Fizer, Moore, and Pittario are liable for failure to train prison employees in the use of force.  Plaintiff fails to allege any facts to support how or when any of these Defendants knew or should have known that training in the use of force was inadequate.  He also fails to allege facts to support that despite such knowledge, any of these Defendants made a deliberate choice not to address the allegedly inadequate training.  Instead, Plaintiff makes only conclusory assertions.  Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory

1    and vague allegations will not support a cause of action. <u>Ivey v. Bd. of Regents of the Univ.</u>

2    <u>of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights

3    complaint may not supply essential elements of the claim that were not initially pled. <u>Id.</u>

4    Accordingly, Count II will be dismissed to the extent that Plaintiff asserts a failure to train

5    against Defendants Ryan, Hetmer, Fizer, Pittario, and Moore.

6            **B.**     **Count III**

7         Plaintiff alleges that Defendants Norris and Valentine violated his due process and

8    equal protection rights by using excessive force against him.  "[I]f a constitutional claim is

9    covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the

10   claim must be analyzed under the standard appropriate to that specific provision, not under

11   the rubric of substantive due process [under the Fourteenth Amendment]." <u>Crown Point</u>

12   <u>Dev., Inc. v. City of Sun Valley</u>, 506 F.3d 851, 853 (9th Cir. 2007) (citing <u>Graham v.</u>

13   <u>Connor</u>, 490 U.S. 386, 388 (1989)); <u>see</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994).  In this

14   case, Plaintiff's excessive use of force claim is covered by the Eighth Amendment.

15   Accordingly, Plaintiff fails to state a separate due process violation based on the use of

16   excessive force.

17        The Equal Protection Clause of the Fourteenth Amendment provides that a state may

18   not "deny to any person within its jurisdiction the equal protection of the laws," which is

19   essentially a direction that all persons similarly situated should be treated alike. U.S. Const.,

20   amend. XIV; <u>see</u> <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985).

21   A state practice that interferes with a fundamental right or that discriminates against a suspect

22   class of individuals is subject to strict scrutiny.  <u>Massachusetts Bd. of Ret. v. Murgia</u>, 427

23   U.S. 307, 312 (1976); <u>see</u> <u>City of Cleburne</u>, 473 U.S. at 441.  Absent allegations that he is

24   a member of a suspect class, or that a fundamental right has been violated, a plaintiff must

25   allege facts to support that he has been intentionally treated differently from others who are

26   similarly situated without a reasonable basis therefor.  <u>See</u> <u>Village of Willowbrook v. Olech</u>,

27   528 U.S. 562, 564 (2000).  Conclusory allegations do not suffice.  <u>See</u> <u>Village of Arlington</u>

28   <u>Heights v. Metropolitan Hous. Dev. Corp.</u>, 429 U.S. 252, 265 (1977).

1   Plaintiff does not allege facts to support that he is a member of suspect class or that

2   he has been denied a fundamental right.  He also fails to allege facts to support that he has

3   been intentionally treated differently than similarly-situated inmates without a reasonable

4   basis therefor.  Accordingly, Plaintiff also fails to state a claim for violation of his equal

5   protection rights.  Count III will be dismissed for failure to state a claim.

6   **V.   Claim for Which an Answer Will be Required**

7   In Count I, Plaintiff alleges that Defendants Norris and Valentine used excessive force

8   in restraining him, which caused pain, bruising, swelling, and minor contusions.  He alleges

9   Valentine thereafter bragged to co-workers about assaulting Plaintiff and that Norris told

10   him, "[n]ow you know who's in charge, good luck."  Plaintiff sufficiently states a claim for

11   excessive use of force against Norris and Valentine.  Accordingly, Norris and Valentine will

12   be required to respond to Plaintiff's excessive force allegations in Count I.

13   **VI.   Warnings**

14   **A.   Release**

15   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

16   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

17   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

18   in dismissal of this action.

19   **B.   Address Changes**

20   Plaintiff must file and serve a notice of a change of address in accordance with Rule

21   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

22   relief with a notice of change of address.  Failure to comply may result in dismissal of this

23   action.

24   **C.   Copies**

25   Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

26   of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

27   stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

28   an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

1  may result in the filing being stricken without further notice to Plaintiff.

2        **D.    Possible Dismissal**

3        If Plaintiff fails to timely comply with every provision of this Order, including these

4  warnings, the Court may dismiss this action without further notice.  See <u>Ferdik v. Bonzelet</u>,

5  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

6  comply with any order of the Court).

7  **IT IS ORDERED:**

8        (1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

9        (2)    As required by the accompanying Order to the appropriate government agency,

10  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

11        (3)    Counts II and III and Defendants Ryan, Hetmer, Fizer, Pittario, and Moore are

12  **dismissed** without prejudice.

13        (4)    Defendants Norris and Valentine must answer Count I.

14        (5)    The Clerk of Court must send Plaintiff a service packet including the

15  Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

16  Defendants Norris and Valentine.

17        (6)    Plaintiff must complete[3] and return the service packet to the Clerk of Court

18  within 21 days of the date of filing of this Order.  The United States Marshal will not provide

19  service of process if Plaintiff fails to comply with this Order.

20        (7)    If Plaintiff does not either obtain a waiver of service of the summons or

21  complete service of the Summons and Complaint on a Defendant within 120 days of the

22  filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

23  action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

24  16.2(b)(2)(B)(i).

25        (8)    The United States Marshal must retain the Summons, a copy of the Complaint,

26

27        [3] If a Defendant is an officer or employee of the Arizona Department of Corrections,
Plaintiff must list the address of the specific institution where the officer or employee works.

28  Service cannot be effected on an officer or employee at the Central Office of the Arizona
Department of Corrections unless the officer or employee works there.

1   and a copy of this Order for future use.

2       (9)   The United States Marshal must notify Defendants of the commencement of
3   this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
4   Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The**
5   **Marshal must immediately file signed waivers of service of the summons.  If a waiver**
6   **of service of summons is returned as undeliverable or is not returned by a Defendant**
7   **within 30 days from the date the request for waiver was sent by the Marshal, the**
8   **Marshal must**:

9          (a)  personally serve copies of the Summons, Complaint, and this Order upon
10  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

11         (b)  within 10 days after personal service is effected, file the return of service
12  for Defendant, along with evidence of the attempt to secure a waiver of service of the
13  summons and of the costs subsequently incurred in effecting service upon Defendant.
14  The costs of service must be enumerated on the return of service form (USM-285) and
15  must include the costs incurred by the Marshal for photocopying additional copies of
16  the Summons, Complaint, or this Order and for preparing new process receipt and
17  return forms (USM-285), if required.  Costs of service will be taxed against the
18  personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
19  Procedure, unless otherwise ordered by the Court.

20      (10)  **A Defendant who agrees to waive service of the Summons and Complaint**
21  **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

22      (11)  Defendants must answer the Complaint or otherwise respond by appropriate
23  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
24  Rules of Civil Procedure.

25      (12)  Any answer or response must state the specific Defendant by name on whose
26  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
27  does not identify the specific Defendant by name on whose behalf it is filed.

28      (13)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

1    72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

2    under 28 U.S.C. § 636(b)(1).

3        DATED this 11th day of May, 2012.

Robert C. Broomfield
Senior United States District Judge