1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8   Roberto Carrasco Gamez, Jr.,      )
                                      )
9            Plaintiff,               )  CIV 12-00760 PHX RCB MEA
                                      )
10           v.                       )  REPORT AND RECOMMENDATION
                                      )
11  Charles L. Ryan, Warden Hetmer,   )
    Greg Fizer, Sergeant Moore,       )
12  CO Pittario, CO Norris,           )
    CO Valentine,                     )
13                                    )
             Defendants.              )
14  _____ )

15  TO THE HONORABLE ROBERT C. BROOMFIELD:

16           Plaintiff Robert Carrasco Gamez, Jr., who is confined

17  in the Arizona State Prison Complex, Browning Unit, in Florence,

18  Arizona, filed a pro se civil rights Complaint pursuant to 42

19  U.S.C. § 1983 on April 20, 2012.  Plaintiff alleged three counts

20  for excessive force and named as defendants Director of the

21  Arizona Department of Corrections Charles L. Ryan, Warden

22  Hetmer, Deputy Warden Greg Fizer, Sergeant Moore, and

23  Corrections Officers   Pittario, Norris, and Valentine.

24  Plaintiff seeks declaratory, compensatory, punitive, and

25  injunctive relief.

26

27

28

1         On May 11, 2012, the Court issued a screening order,

2   requiring Defendant Norris and Defendant Valentine to answer

3   Plaintiff's claim that these defendants used excessive force

4   against Plaintiff on May 7, 2011, by forcefully slamming him to

5   the ground and forcibly hand-cuffing Plaintiff after he was

6   returning to his cell with Defendant Valentine's permission to

7   retrieve a pain medication.   The Court dismissed all other

8   claims and defendants.   The Court dismissed Plaintiff's claim

9   that Defendants Ryan, Hetmer, Fizer, Moore, and Pittario are

10  liable for denying his grievances and grievance appeals

11  concerning the May 7, 2011, incident.   The Court also dismissed

12  Plaintiff's allegation that Defendants Ryan, Hetmer, Fizer,

13  Moore, and Pittario are liable for a failure to train ADC staff

14  in the use of force.   The Court also dismissed Plaintiff's claim

15  that Defendants Norris and Valentine violated his due process

16  and equal protection rights by using excessive force against

17  him.

18        Defendant Norris was served on or about June 1, 2012,

19  and answered the complaint on or about July 26, 2012.   A

20  scheduling order was issued July 31, 2012, requiring any motion

21  to add defendants or to amend the complaint be filed by

22  September 21, 2012, and that discovery be completed by March 1,

23  2013.   Plaintiff sought additional time to serve Defendant

24  Valentine, which motion was granted.   Defendant Valentine was

25  served on or about September 11, 2012, and joined in Defendant

26  Norris' answer to the complaint on October 25, 2012.

27        Plaintiff lodged a proposed amended complaint on

28  September 19, 2012.   In the lodged complaint Plaintiff again

1    states a claim for excessive force against Defendants Norris and

2    Valentine and Plaintiff seeks to re-assert his negligent hiring

3    and failure to train claim against Defendants Moore, Hetmer and

4    Ryan.

5           On September 25, 2012, Plaintiff filed a motion seeking

6    to stay a decision on his motion to amend his complaint until

7    Defendant Valentine had appeared.

8           Rule 15(a), Federal Rules of Civil Procedure, provides

9    that a plaintiff should be given leave to amend his complaint

10   when justice so requires.  See, e.g., United States v. Hougham,

11   364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United

12   States, 481 F.2d 1187, 1190 (9th Cir. 1973).  "Courts are free

13   to grant a party leave to amend whenever 'justice so requires,'

14   Fed. R. Civ. P. 15(a)(2), and requests for leave are generally

15   granted with 'extreme liberality.'"  Moss v. United States

16   Secret Service, 572 F.3d 962, 972 (9th Cir. 2009), citing Owens

17   v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th

18   Cir. 2001).  However, granting a plaintiff leave to amend "is

19   subject to the qualification that the amendment not cause undue

20   prejudice to the defendant, is not sought in bad faith, and is

21   not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d

22   789, 799 (9th Cir. 2001) (citation omitted).

23          Futility of amendment is sufficient to justify denial

24   of a motion for leave to amend.  See Gordon v. City of Oakland,

25   627 F.3d 1092, 1094 (9th Cir. 2010); Bonin v. Calderon, 59 F.3d

26   815 (9th Cir. 1995).  A claim in a proposed amended complaint is

27   futile  if  it  would  be  immediately  "subject  to  dismissal"

28   pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for

-3-

1  failure to state a claim on which relief may be granted,

2  accepting all of the facts alleged as true.  <u>See</u> <u>Steckman v.</u>

3  <u>Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998);

4  <u>Riverview Health Inst. LLC v. Medical Mutual of Ohio</u>,601 F.3d

5  505, 512 (6th Cir. 2010); <u>Briggs v. Mississippi</u>, 331 F.3d 499,

6  508 (5th Cir. 2003).   The Ninth Circuit Court of Appeals

7  recently stated that "the 'proper test to be applied when

8  determining the legal sufficiency of a proposed amendment is

9  identical to the one used when considering the sufficiency of a

10 pleading challenged under Rule 12(b)(6).'" <u>Nordyke v. King</u>, 644

11 F.3d 776, 790 n.12 (9th Cir. 2011) (<u>quoting</u> <u>Miller v.</u>

12 <u>Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988), <u>rev'd</u> <u>on</u>

13 <u>other</u> <u>grounds</u> <u>by</u> 681 F.3d 1041 (en banc).  The Seventh Circuit

14 Court of Appeals has concluded that "leave to amend may be

15 denied if the new complaint does not cure deficiencies in the

16 old one and is doomed to the same fate." <u>Owens v. Hinsley</u>, 635

17 F.3d 950, 956 (2011).

18         Plaintiff seeks leave to amend his complaint to add a

19 claim which was previously dismissed.  Therefore,

20         **IT IS RECOMMENDED that** the motion to amend at Doc. 24

21 be **denied**.

22         **IT IS FURTHER RECOMMENDED that** the motion to stay at

23 Doc. 25 be **denied**.

24

25         Pursuant to Rule 72(b), Federal Rules of Civil

26 Procedure, the parties shall have fourteen (14) days from the

27 date of service of a copy of this recommendation within which to

28 file specific written objections with the Court. Thereafter, the

1  parties have fourteen (14) days within which to file a response

2  to the objections. Pursuant to Rule 7.2, Local Rules of Civil

3  Procedure for the United States District Court for the District

4  of Arizona, objections to the Report and Recommendation may not

5  exceed seventeen (17) pages in length.

6      DATED this 21st day of November, 2012.

7

8  _____

   Mark E. Aspey
9  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28