**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Robert Carrasco Gamez, Jr., )
                             )
         Plaintiff,          )  No. CV-12-0760-PHX-RCB
                             )
    vs.                      )       O R D E R
                             )
Charles L. Ryan, *et al*.    )
                             )
         Defendants.         )
_____)

Plaintiff Robert Carrasco Gamez, Jr., who is confined in the Arizona State Prison Complex, Browning Unit, in Florence, Arizona, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging excessive force. Currently pending before the court are plaintiff's objections to a Report and Recommendation ("R & R") issued by the Honorable Mark E. Aspey, United States Magistrate Judge. Plaintiff filed what he designated as a "Motion to Exceed Page Limit for Amended Complaint (Proposed)" (Doc. 24), and simultaneously lodged a proposed amended complaint (Doc. 24-

1). ¹  Shortly thereafter, plaintiff filed a "request" for a "stay" of the ruling on the motion to amend "until[] Defendant Valentine ha[s] been entered into this . . . case[.]" Mot. (Doc. 25) at 13-15. Construing the motion to exceed page limit as a "motion to amend[,]" the Magistrate Judge recommends denying that motion.  R & R (Doc. 33) at 4:18.  Properly treating plaintiff's "request" for a stay as a motion, the Magistrate Judge recommends denying that relief as well.  Id. at 4:20-23.²

### *Background*

Assuming familiarity with the prior proceedings herein, the court will recap only those aspects directly relevant to the pending objections to the R & R.

### *I.  Screening Order*

In the screening order, among other things, this court dismissed count II of the complaint "to the extent that Plaintiff asserts a failure to train against Defendants Ryan, Hemter, Fizer, Pittario, and Moore."  Ord. (Doc. 5) at 7:4-5. In dismissing that claim, the court first pointed to the lack of allegations of "any facts to support how or when any of these Defendants knew or should have known that training in the use of force was inadequate."  Id. at 6:23-25.  Second,

---

¹ For brevity's sake, the court will refer to that lodged complaint as the First Amended Complaint ("FAC").

² For ease of reference, all citations to page numbers of docketed items are to the page assigned by the court's case managemen tand electronic case filing (CM/ECF) system.

the court pointed to plaintiff's "fail[ure] to allege facts to support that despite such knowledge, any of these Defendants made a deliberate choice not to address the allegedly inadequate training."  Id. at 6:25-27.  Plaintiff's "conclusory allegations" were not sufficient to overcome those pleading deficiencies, this court found.  See id. at 6:27.  Nor, as this court pointed out, could plaintiff Gamez rely upon "a liberal interpretation of [his] civil rights complaint . . . [to] supply essential elements of the claim that were not initially pled."  Id. at 7:2-3 (citation omitted).

## *II.  Motions*

As mentioned at the outset, plaintiff Gamez did not actually file a motion to amend his complaint.  Rather, he filed a "Motion to Exceed Page Limit for Amended Complaint (Proposed)[.]"  Mot. (Doc. 24) at 1.  Other than asserting the need for nine "additional pages" to "enable [him] to adequately state each claim[,]" plaintiff did not provide any reasons for allowing amendment.  Id.

On the other hand, plaintiff's motion for a stay is broader than its designation suggests.  Plaintiff is not merely seeking a stay until defendant Valentine becomes a party to this action, but he is also seeking a stay until defendants Norris and Valentine have complied document requests in the form of their personnel records.  Roughly a month after plaintiff filed these motions, and before the issuance of the R & R, defendant Valentine joined in the answer previously filed by defendant Norris.  See Joinder

1  (Doc. 29).

2  ### III.  Report & Recommendation

3  As the Magistrate Judge construed the FAC, plaintiff is
4  "re-assert[ing] his negligent hiring and failure to train
5  claim against Defendants Moore, Hetmer and Ryan."  R & R
6  (Doc. 33) at 3:2-4.  Apparently discerning no difference
7  between the complaint and the FAC, the Magistrate Judge
8  recommends denying plaintiff's motion for leave to amend
9  because his FAC seeks "to add a claim which was previously
10 dismissed[]" – namely, the failure to train claim against
11 the three defendants just listed.  Id. at 4:18-19.

12 The Magistrate Judge also recommends denying plaintiff's
13 motion for a stay of the ruling on his motion to amend the
14 complaint "until[] defendant Valentine ha[s] been entered
15 into this . . . case[.]" See Mot. (Doc. 25) at 1:14-15.  The
16 R & R is not explicit as to the basis for this
17 recommendation, but it can easily be inferred that it is
18 because prior to the issuance of the R & R, defendant
19 Valentine joined in defendant Norris' answer.  See R & R
20 (doc. 33) at 2:24-26.

21 ### IV.  Plaintiff's "Objections"

22 Plaintiff's purported "objections" to the R & R consist
23 of three sections.  The "background" section is a verbatim
24 recitation of the "[s]upporting [f]acts" as alleged in count
25 I of the FAC, directed against defendants Norris and
26 Valentine.  Compare FAC (doc. 24-1) at 6-10, ¶ 3 with, Obj.
27 (doc. 35) at 1:10-5:29. The "supporting facts" as alleged in
28 the FAC pertaining to count II – – negligent hiring and

-4-

failure to train and supervise as against defendants Moore, Hetmer, and Ryan -- comprise most of the "argument" section of plaintiff's objections.  Compare FAC (doc. 24-1) at 11-15:27, ¶ 3 with, Obj. (doc. 35) at 6:16-10:27.

The "background" section also briefly addresses the Magistrate Judge's recommendation denying plaintiff's motion for a stay.  Although defendant Valentine joined in defendant Norris' answer prior to the filing of plaintiff's objections, plaintiff still insists that the court should issue a stay until Valentine "has entered as a party[.]" Obj. (Doc. 35) at 11:4.  Plaintiff also asserts that he is entitled to a stay until both defendants Norris and Valentine have complied with his requests for personnel records.

"For the foregoing reasons[,]" plaintiff "respectfully request[s] that this . . . court . . . grant [hi]s 'Motion for Objection and Recommendation[.]'" Obj. (Doc. 35) at 11:11-13.  Significantly, however, although plaintiff is claiming that the R & R is clearly erroneous or contrary to law pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a),[3] see id. at 6, his purported objections do not explain how or why that is so.  This omission is particularly glaring with respect to the

---

[3] Plaintiff designates his objections as being "pursuant to Rule 72(b)[,]" Obj. (doc. 35) at 1, which requires a district court to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3).  In the body of his objections, however, the plaintiff discusses only the clearly erroneous or contrary to law standard, which is found in Rule 72(a).  See Obj. (Doc. 35) at 6, § (A).  The court, therefore, assumes that plaintiff intends to rely upon the standard as set forth in the latter Rule – Fed.R.Civ.P. 72(a), which is consistent with his reliance upon section 636(b)(1)(A) in that both provide for the clearly erroneous or contrary to law standard of review.

- 5 -

Magistrate Judge's recommendation to deny plaintiff's motion to amend. In any event, it is apparent that for the most part, plaintiff simply cut and pasted from his FAC and then styled those excerpts as objections.

### *Discussion*

Arguably, as will be seen, there is the potential for differing standards of review depending upon whether the court is considering the recommendation to deny plaintiff's motion to amend, or whether it is considering the recommendation to deny his motion for a stay. Thus, for clarity's sake, the court will separately address those two aspects of the R & R.

### *I. Leave to Amend*

Generally, non-dispositive motions are subject to review under the clearly erroneous or contrary to law standard, 28 U.S.C. § 636(b)(1)(A); and Fed.R.Civ.P. 72(a), whereas dispositive motions are subject to *de novo* review. 28 U.S.C. § 636(b)(1); and Fed.R.Civ.P. 72(b)(3). Assuming for the sake of argument that a motion for leave to amend is non-dispositive, then, as plaintiff urges, the recommendation to deny that motion would be subject to a clearly erroneous or contrary to law standard of review. See Cazares v. Morris, 2011 WL 2414543, at *2 (D.Ariz. June 16, 2011) ("Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1).") (citing, *inter alia*, JJCO, Inc. v. Isuzu Motors America, Inc., 2009 WL 3818247, *2 (D.Haw. Nov. 12, 2009) (magistrate judge's denial of a motion for leave to amend complaint to add new defendant not a dispositive

1 ruling)) (citing, in turn, U.S. Dominator, Inc. v. Factory
2 Ship Robert E. Resoff, 768 F.2d 1099, 1102 n. 1 (9th Cir.
3 1985), *superseded by statute on other grounds as recognized in*
4 Simpson v. Lear Astronics Corp., 77 F.3d 1170 (9th Cir. 1996)
5 (noting that the plaintiff's motion for leave to amend its
6 Complaint was properly treated as a nondispositive motion when
7 the magistrate judge granted the plaintiff's motion)).
8      In the present case, however, because the Magistrate
9 Judge specifically premised recommending denial of plaintiff's
10 motion for leave to amend on futility grounds, arguably such
11 denial is "view[ed] . . . as a dispositive ruling."  See JJCO,
12 Inc., 2009 WL 3818247, at *3 (citing cases). That "view is not
13 universal[,]" though.  Id. at *3 (citing Hall v. Norfolk S.
14 Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006) (magistrate judge's
15 denial of a motion to amend on grounds of futility to be
16 nondispositive and subject to review for clear error by the
17 district court)).  This court need not become mired down in
18 resolving the applicable standard of review here because
19 plaintiff cannot prevail under either.
20      Insofar as the motion to amend is concerned, plaintiff
21 does not even hint at any "clearly erroneous" factual
22 findings.  See Morgal v. Maricopa County Bd. of Sup'rs, 284
23 F.R.D. 452, 458 (D.Ariz. 2012) ("The clearly erroneous
24 standard applies to the magistrate judge's factual
25 findings[.]") (internal quotation marks and citations
26 omitted), reconsideration denied, 2012 WL 2368478 (D.Ariz.
27 June 21, 2012).  Plaintiff also has not, directly or
28 implicitly, indicated that any of the Magistrate Judge's legal

conclusions are contrary to law.  See id. ("[T]he contrary to law standard applies to the magistrate judge's legal conclusions[.]") (internal quotation marks and citations omitted).  Additionally, as to his motion to amend, as already discussed, plaintiff's so-called "objections" regarding his motion to amend consist of nothing more than a verbatim reiteration of the *allegations* in his FAC.  Obviously, such allegations do not in any way constitute objections to the R & R which, in turn could be subject to *de novo* review.  Accordingly, the court finds no merit to plaintiff's "objections" to the Magistrate Judge's recommendation to deny plaintiff's motion to amend (Doc. 24).

### *II.  Stay*

Preliminarily, the court must determine the appropriate standard of review where, as here, a Magistrate Judge recommends denying a motion for a stay.  "'Motions to stay have not been held to be generically dispositive. However, where the effect of the motion is a denial of relief, it is considered dispositive.'" Navarro v. Ryan, 2013 WL 1561111, at *1 n. 1 (D.Ariz. Feb. 25, 2013), adopted as modified on other grounds, 2013 WL 1561470 (D.Ariz. April 12, 2013), (quoting Bishop v. Schriro, 2009 WL 1749989, at *2 (D. Ariz. June 18, 2009) (citing Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992) (when injunctive relief sought goes to the merits of plaintiff's action or a complete stay of an action, magistrate judge's orders under 28 U.S.C. § 636(b)(1)(A) are precluded) ("Here, however, the magistrate did not recommend the imposition of a stay; rather, he imposed it himself. That

order was beyond the magistrate [judge]'s authority: it was beyond his jurisdiction and was, in essence, a legal nullity."); but see, Powershare, Inc. v. Syntel, Inc., 597 F.3d 10, 13-14 (1st Cir. 2010) (Magistrate Judge's ruling on motion to stay litigation pending arbitration was not dispositive) (citations omitted)).

In the present case, denying plaintiff's motion for a stay of a ruling on his motion to amend does not have the effect of denying him relief.  Therefore, plaintiff's motion for a stay is non-dispositive.  Hence, the clearly erroneous or contrary to law standard governs this aspect of the R & R. Magistrate Judge Aspey's recommendation to deny plaintiff's motion for a stay readily survives that standard of review.

First, as with his "objections" pertaining to his motion to amend, plaintiff has not identified any factual findings pertaining to his motion for a stay which he deems to be clearly erroneous.  Plaintiff also has not identified any specific legal conclusions regarding his motion to amend which he believes are contrary to law.

Moreover, plaintiff claimed the need for a stay because when he filed that motion, defendant Valentine was not yet a party.  Since then, however, and before the issuance of the R & R, Mr. Valentine did become a party to this action through joinder in defendant Norris' answer.  Defendant Valentine's joinder effectively mooted this asserted basis for a stay.

Finally, in objecting to the recommendation denying a stay, plaintiff claims that a stay is necessary until defendant Valentine also "compl[ies] with [a] request for

- 9 -

production of 'personnel records.'" Obj. (Doc. 35) at 11:4-5 (citing Docs. 25, 26, 27 and 28). The record belies that claim. Docket 25 is plaintiff's own motion for a stay, which is obviously irrelevant to this claim. Dockets 26, 27 and 28 are, respectively, plaintiff's motion to compel discovery as to defendant Norris, not defendant Valentine, defendant Norris' response and plaintiff's reply. As an aside, that motion to compel was filed the same day as plaintiff's motion for a stay, and has since been denied (Doc. 52). Consequently, this record does not show any outstanding document request as to defendant Valentine so as to warrant staying a ruling on plaintiff's motion for leave to amend. For these reasons, the court finds no merit to plaintiff's "objections" to the R & R insofar as it recommends denying his motion for a stay.

## *Conclusion*

In sum, as set forth above, the court **HEREBY ORDERS** that:

(1) United States Magistrate Judge Aspey's Report and Recommendation (Doc. 33) is **ADOPTED**; and accordingly

(2) "Plaintiff's Motion to Exceed page Limit for Amended Complaint (Proposed)" (Doc. 24) and "Plaintiff['s] request that this court stay his Ruling on Amended Complaint (Dkt.24) until[] Defendant Valentine had [sic] been entered into this civil case" (Doc. 25) are **DENIED**.

DATED this 6th day of May, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*

- 10 -