WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez, | No. CV-12-00760-PHX-RCB |
| Plaintiff, | **O R D E R** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Currently pending before the court is a motion (Doc. 112) by plaintiff *pro se* Robert C. Gamez, Jr., seeking permission to file a sur-reply to defendants' response to plaintiff's various motions to strike. As explained below, the court lacks jurisdiction to consider this motion which is, in any event, moot.

### *Background*

On July 2, 2013, this court granted defendants' motion for summary judgment, denied plaintiff's motion to strike, directed entry of judgment in defendants' favor and found that pursuant to 28 U.S.C. § 1915(a)(3), an appeal would not be taken in good faith. Ord. (Doc. 110). The court's Notice of Electronic Filing ("NEF") indicates that that order was filed at 11:25 a.m. Several minutes later, at 11:32 a.m., judgment was entered in accordance with that court order. Doc. 111, NEF. At 1:23 p.m., on July 2, 2013, after the entry of judgment, the plaintiff filed his motion seeking leave to file a sur-reply with respect to the motion to strike, which, by that time, had already been decided adversely to him.

A week later, on July 9, 2013, the plaintiff filed a notice of appeal in the Ninth Circuit Court of Appeals. See Doc. 113. That appeal is still pending and active. In fact, on January 30, 2014, the plaintiff filed a request for the status of his appeal. See Gamez v. Norris, No. 13-16404 (9th Cir.) Doc. 22.

### *Discussion*

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). Accordingly, plaintiff Gamez's filing of his notice of appeal divested this court of jurisdiction. Consequently, the court lacks jurisdiction to consider the plaintiff's motion to file a sur-reply. As an aside, the court observes that in any event, LRCiv 7.2 allows only for a motion, a response and a reply. That Rule makes no provision for a sur-reply. Therefore, the plaintiff was afforded full briefing under that Rule with respect to his motion to strike.

In light of the foregoing, the court hereby **DENIES** the plaintiff's motion seeking "permission to file a sur[-]reply to defendants['] dkt. 109[.]" See Mot. (Doc. 112).

DATED this 2nd day of February, 2014.

_____
Robert C. Broomfield
Senior United States District Judge